UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yusuf Abdur-Rahman,<br>Jacqueline Marie Presley-Blanding, and<br>Jacquelyn Smalls,<br><br>                      Plaintiffs,<br><br>vs.<br><br>Earl C. Hunter,<br>*Commissioner for South Carolina Department of Health and Environmental Control*, and<br>State of South Carolina,<br><br>                      Defendants. | C/A 3:08-2862-GRA-JRM<br><br>Report and Recommendation |

Plaintiffs, proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983. By Order dated September 2, 2008, Plaintiffs were given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. Plaintiffs were instructed to:

> 1) complete one summons form for each Defendant listed in the case,
> 2) complete, sign, and submit to this Court a Form USM-285 for each Defendant listed in the case,
> 3) submit fully completed, signed and dated Plaintiff's Answers to the Court's Special Interrogatories,
> 4) submit fully completed and signed *Pro Se* Party's Answers to Rule 26.01 Interrogatories, and
> 3) (Plaintiffs Jacqueline Marie Presley-Blanding and Jacquelyn Smalls) pay the three-hundred-fifty dollar ($350) filing fee for a civil action, or complete and return a Form AO-240 (application to proceed *in forma pauperis*).

Plaintiffs were warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. The time to bring this case into proper form has lapsed. Pursuant to this Court's operating order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), this action is now

before the undersigned for a Report and Recommendation. Two of the Plaintiffs, Jacqueline Marie Presley-Blanding and Jacquelyn Smalls, have failed to provide anything requested in the Proper Form Order, and, therefore, have failed to comply with an order of this Court. The remaining Plaintiff, Yusuf Abdur-Rahman, has filed only one responsive document, answers to the Local Rule 26.01 Interrogatories. Plaintiff Abdur-Rahman has failed to provide service documents or Answers to the Court's Special Interrogatories, which would enable the Court to evaluate his claims. Plaintiff Abdur-Rahman has failed to comply with an order of this Court.

### Recommendation

It is hereby recommended that this case should be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**Plaintiffs' attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

October 14, 2008
Columbia, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).